Good morning, may it please the Court. My name is Thomas Pomilla, attorney appearing on behalf of the petitioner in this matter, Carol Stephen. Ms. Stephen is a national of Iraq who entered the United States in 1989. At the age of 7, she was granted asylum in 2006 as a derivative. Could you speak a little more distinctly into the mic, please? I'm sorry? Could you speak a little more distinctly into the mic, please? Thank you. She was granted asylum in 2006 as a derivative and later placed in removal proceedings following her conviction of two counts of attempted sale or transport of a dangerous drug. Well, all right. We sent you an order asking you to be prepared to talk about Blandino Medina. Yes. It seems with respect to the particularly serious crime claim concerning withholding of removal, the necessary predicate would be that the crimes which Stephen was convicted were not aggravated felonies for purposes of withholding. And you didn't talk about that in your opening brief. And so in that what it states there is only aggravated felonies in which the alien was sentenced to at least five years' imprisonment are categorically particularly serious for the purposes of withholding of removal. So it seems like that case would have been helpful to you since and it was decided three years before the opening brief. So I'm wondering, we found it, but why didn't you? Yes. And why should we even consider it at this point if you never said anything about it? Well, in our opening brief, we did say that the immigration judge and the BIA used the wrong analysis. Well, did you ever cite that case? We didn't cite that specific case, no. We cited Matter Frantescu. So if you did it again, would you cite that case? Yes, I definitely would. Okay. Because if you're telling me that you still wouldn't, I'm kind of going to struggle with that. No, I would. That case definitely supports that. But, Sam, what is the consequence of that? What does it lead to? It leads to that she might be able to get withholding, but nothing else? Yes, that's relevant to the withholding of removal application because the judge found that her aggravated felony finding made her ineligible for asylum, but the particularly serious crime issue was directed at the withholding of removal application. So what we would be asking for would be a remand. But why should you? You never did. You know, the government never had it. That doesn't mean she'd win, necessarily, right? Correct. It just means it wouldn't categorically happen. So why should we consider it at this late date? Well, because there's prejudice to her application of withholding. The Frantescu standard is easier to show than the standard used by the immigration judge. Have you talked to the government about this? Out of YL. I'm sorry? Have you talked to the government about this after you got this clerk order? No, I haven't. About remanding it for that purpose? Well, yeah. No, I haven't. Could I ask a question on this Blanco case? I don't see how this case helps you. It's an attorney general opinion, and an attorney general opinion trumps if you don't mind the word. So how does this case even be of any assistance to you? Well, the Ninth Circuit in Blandino, Medina, did discuss whether they should give deference to the case in matter of YL. And what they stated was that they would agree with the BIA's interpretation or give deference to it only if the statute in question was ambiguous. And in Blandino, Medina, the court stated that the statute in question is not ambiguous. Specifically, it's 8 U.S.C. 1231B3B4. As Your Honor mentioned, it's the one that says that aggregated felonies with a sentence of five years or more are, per se, particularly serious crimes. All convictions outside of that category need to be analyzed on a case-by-case basis using the factors in matter frantescu. And the attorney general gave an opinion on the issue, right? On which issue, I'm sorry, Your Honor? Didn't the attorney general indicate that all of these drug cases are particularly serious? Yes, in matter of YL, that was held that drug trafficking aggravated felonies are presumptively a particularly serious crime. And that the applicant for withholding an application would need to rebut that presumption by showing extraordinary and compelling circumstances. So why isn't that? In other words, the drug trafficking part of it may not be particularly serious. But why — what about on the separate particularly serious rule for drug crimes in general? Right. But again, we're looking at the — In other words, it doesn't have to be an aggravated felony for that purpose, right? No, it doesn't. All that we need to show is that while analyzing the conviction or the circumstances of the conviction under the frantescu standard, that it wasn't a particularly serious crime. But what I understand Judge Wallace to be saying is that aside from that, there is an attorney general opinion or a deal which says, a presidential opinion that says, aside from the five — as I understand it, forget the five years and aggravated felony, a drug crime is particularly serious except in certain circumstances. Correct. So whether it's an aggravated felony or not doesn't matter for that purpose. No, I believe the attorney general stated in a matter of a while that it needs to be an aggravated drug trafficking felony in order for it to be a presumptively particularly serious crime. Is that right? I will check that out. I believe it's both, aggravated felony and — sorry, I misspoke earlier. I can't check it out because I don't have it. So, again, the issue here is whether the proper analysis was conducted by the immigration judge and the board. Because you could have a presumptive category of particularly serious crimes that aren't under frantesco that are not, in fact, aggravated felonies. But you're saying YL doesn't do that? It's only with regard to aggravated felonies? Right. So YL looks at it and it says if this is a drug trafficking aggravated felony, it's presumptively also a particularly serious crime. And what we're saying is that the immigration judge, regardless of the issue of whether it was an aggravated felony or not, needed to analyze it using the frantesco standard and the factors in that case. And that wasn't done in this matter. Well, going back to the issue here, what happened was, in this blunted notice, it says unless the attorney general has exercised his discretion to make determination in the matter YL, he made his decision. Why would we trump that? Because the statute in question is not ambiguous. The statute in question says that there's only one class of a per se particularly serious crime. All other crimes need to be analyzed using the frantesco standard. That's what the statute says. That's what the Ninth Circuit has established in Blandino-Medina. The response of the attorney general is obviously a response to this case, it seems to me. Are you saying that we don't pay any attention to the attorney general's determination of serious crimes? Yes, we do. Let me restate that. We do not give deference to the attorney general in this particular case. We are in the Ninth Circuit. So the issue is whether we follow the analysis in Blandino, which cites matter frantesco, or whether the immigration judge was correct in using the analysis in matter of YL. And both cases deal with the statute, 8 U.S.C. 1231. And because that statute's not ambiguous, the Ninth Circuit does not give deference to the attorney general, and the requirements in that statute need to be followed. And that's what wasn't done by the immigration judge. They instead analyzed it under matter of YL, when again the statute requires them to do it using the frantesco factors. Not the statute, the case.  The statute and the case. The case says the statute. Right. All right. Do you want to go back to that only deal? All of that just deals with withholding, right? Correct. There's other reliefs that you're asking for, is that right? Yes. So Petitioner also applied for asylum. She had her asylum status terminated, and then also she was found ineligible for asylum based on the finding she had been convicted of an aggravated felony. And so as I understand it, your contention is that her convictions couldn't be aggravated felonies for these other purposes. Do you want to argue about that? Correct. Yes. Thank you, Your Honor. So she was convicted under Arizona revised statute 13-3407. It penalizes various things. It has seven subsections within it. So the issue is whether anything in that statute doesn't fit within the generic definition of an aggravated felony, and particularly the seventh subsection of that statute details an offer to sell or transport. And because offer or solicitation isn't included in the Controlled Substances Act, that portion of the statute is not categorically an aggravated felony. Do you agree, what is your position about the divisibility of the statute? It is divisible. That portion of the. Including that subsection? Yes. Even that subsection in and of itself is divisible. And how do we know that? Excuse me? How do we know that? Because the elements are separated by the word or. Any one of those subsections is enough to be found in violation of 3407. And they're not means? In other words, it would go to the jury on each individual subsection? Yes. I find that dubious, doubtful, unless we've held it or approved it somewhere. I mean, I wouldn't, just because it has an or, the case law says specifically that's not enough. Yes, but there's, again, there's portions of the subsection that contain language that doesn't, it's not found in the Controlled Substances Act. The issue here is. No. All right. Well, if you're not going to argue, you're not going to argue. Go ahead. Okay. So what we looked at is, again, is our assertion that it's a divisible statute. She was convicted under the seventh subsection, it looks like. And there's a contradiction within the record of conviction regarding whether or what portion of the section she was convicted under. The actual plea agreement and the sentencing document show that she was convicted of attempt to sell or transport a dangerous drug. But the plea colloquy states that it was an offer to sell or transport. So, again, there's conflicting information there. There's some conflict, but when we look at the elements of the crime, we don't look at the plea colloquy. Well, there's two. I don't see how your argument can help you. It looks like it has to be an attempt crime, which you're going to lose on. Right. Well, there's two steps in the analysis. The first step, we just look at the statute, and we have to determine whether it's a divisible statute or not. The question is, can you have an attempt to offer? Yes. Or can you have an attempt to offer? You can. Because in this case, looking at the statute, the offer portion of it isn't expressed as an inchoate offense. It's in their right inside the statute. I understand offer is, but she was definitely convicted of attempt. Yes, yes. Right. So it would have to be an attempt to offer. Yes, exactly. Is there such a thing as an attempt to offer? There is, because if they wanted to include two preparatory offenses, such as attempt in conspiracy, for example, there is a specific section of offer within the Arizona revised statute. It's 13-1003, I believe. And they didn't include that in the conviction. So in this case, the offer to sell is a substantive crime because it's mentioned within the drug statute there. I'm sorry, but I'm not understanding you. I understand it is, but, I mean, you could put the two words together, but what would they mean? Well, looking at it in a common-sense perspective, you can attempt to offer something. You can be prepared with the controlled substance. Well, here she actually made sales and then they let her, they gave her a deal for an attempt, right? But, again, the issue right now is only whether the conviction record shows whether she was convicted of an offer. We don't look to the actual facts of the case yet. So it's an attempt to offer by putting a bunch of drugs in your pocket and walking down the street to meet somebody and never actually making the offer. Correct. So, and this is different than the case the government cited, State v. Sanchez. I know I don't have much time. But that case dealt with conspiracy, attempt to engage in conspiracy. I think if you look at it in a common-sense perspective, it's a lot more difficult to show that those two would go together. But I think attempt to offer does. And, again, if they wanted to include offers and include offense, there's a section that they could have included in the conviction and they didn't do that. And that's why it's distinguishable from State v. Sanchez. I'll use the remaining time for rebuttal. Thank you. Morning. Good morning, Your Honors. And may it please the Court, Corey Farrell on behalf of the Attorney General. I would like to start with a discussion of Blandino, if that's okay. Thank you. The government's position is, well, first of all, that this issue was not exhausted, it wasn't raised before the agency, and it also was not raised before this Court, so it was waived. But the government's position is also that Blandino does not apply to this case, that this Court should be bound by the decision in Miguel Miguel, which is at 500 F. 3rd 941. And in that case, this Court held that the Attorney General in matter of Y.L. was entitled to create this strong presumption that all drug trafficking crimes are particularly serious. But was Y.L. after the other case? After which case? After Miguel Miguel. No, not after Miguel Miguel. After Blandino? Right. No. Blandino was decided in 2013 and Y.L. was in 2002. Right. And so Miguel Miguel directly addressed Y.L. and said that the Attorney General was entitled to create this strong presumption. And the Court in that case said that the Attorney General did not create a per se rule, only a strong presumption. And Blandino does not purport to overrule Miguel and does not. But Miguel was after, before Miguel. How could it overrule Miguel? No. Blandino was after. But you said it didn't purport to overrule Miguel, but it was before Miguel. You meant M.L. Okay. Go ahead. So, and Blandino does not deal with a drug trafficking crime. So it did not directly address a type of conviction at issue here. So the government's position is that even if Blandino were properly before the Court, it's not applicable and the Court should be bound by the decision in Miguel. Okay. They also try to come within the exceptions of Y.L., which you don't think they have. Excuse me? They try to come to the exceptions to Y.L., which you don't think they have. No, Your Honor. Because? The Court in Miguel talked about the exceptions in Y.L. and how the Attorney General just created a strong presumption that could be rebutted. I understand it. But the argument here is that she, it was a small amount of drugs and it was really one plan, not, not, it was two successive days to the same guy. And so it. Okay. So the exceptions as applied to this particular case. Right. Well, first, I would say that the Court lacks jurisdiction over that factual determination because of the aggravated felony finding. But, but even if reviewable, I think that it was rational for the agency to determine that she did not rebut the presumption here or where we had repeated sales of thousands. Was there a factual finding that it wasn't one transaction? Was there a factual finding that there was two separate sales? There was a factual finding that there were multiple sales. Two resulted in the two convictions here. So is that a factual finding that, that we're bound by or that we review for with some deference or what's your position on that? My position would be that the Court cannot review that factual finding because of the aggravated felony determination under Pachinkov. This Court has found that the particularly serious crime determination is inherently discretionary and so it's reviewed under the abuse of discretion standard. Right. So you go back to the aggravated felony. Yeah. Do you, you agree, I gather, that the Arizona statute is overbroad because of the offer language? Yes. And I guess you're, is there any case law holding that this subsection is divisible? There is no case law holding that this particular case is divisible. Again, that is an issue that was not raised before the board. It was conceded. Seems like a big problem because it probably isn't divisible in all likelihood. But there, in the government's brief, we did point to the jury instructions, the Arizona jury instructions that lay out two separate offenses in subsection 7. One is selling, transporting, importing, transferring of dangerous drugs for sale. And there's a second jury instruction that covers the offer portion of the statute. Right. So there's some possibility that there is a separate. So there is an indication that it is divisible, at least into those. In any event, nobody's asked us at this point. But somebody someday will ask somebody. So, all right. So then the next question is whether, I mean, what is being used here for the modified categorical approach to prove that she was actually convicted, not convicted of the offer provision, even though her lawyer did say offer? The plea agreement at page 550 of the administrative record states count three and count four, and they both read, attempt to commit sale or transportation of dangerous drugs. There's no offer language in the plea agreement. And then in the plea colloquy, which Petitioners' Counsel relies on, at page 605, the court says, your plea agreement does indicate that you agree to plead guilty to counts three and four. Each is amended. Each attempt to commit sale or transportation of dangerous drugs. And then the judge repeats that exact wording at page 610, both referring to attempt to commit sale or transportation of dangerous drugs. And he asks how she pleads as to each. And she responds that she pleads guilty. So these show that there's no indication in any of the official, the plea agreement or when the judge asked if she pleaded guilty to that specific count that we were referring to the offer portion. What Petitioner relies on is the recitation of the facts, which is what we can't look at under the modified categorical approach. And, in fact, this court in Marcia Acosta, quoting Discamps, says, quote, factual admissions made during a plea hearing may be downright wrong. And so just because her attorney used the word offer does not mean that she was convicted under the offer portion when we have these other documents referring only to the attempt to commit sale or transportation of dangerous drugs. So based on the conviction documents, it supports the agency's denial of asylum. Because she was convicted of an aggravated felony under a matter of YL, that is presumptively a particularly serious crime. And we've discussed that. And we also believe that the record does not compel reversal of the denial of CAT deferral. If there are no further questions. So the five-year provision in the withholding. Yes. Doesn't matter with regard to YL. Is that basically? Correct. And let me just find it. What I was struggling with before, I just had the details wrong, but essentially YL does create a presumption that goes beyond the statutory aggravated felony provision, because that has to be five years. Right. And the withholding statute does authorize the attorney general to designate other crimes or make that presumption, because this Court in McGill says, nor is the statute silent with regard to other crimes. It specifically grants the attorney general the authority to determine that an alien has been convicted of a particularly serious crime. Right. But the question is whether it allows the attorney general to create a presumption rather than going step-by-step in each case. Correct, Your Honor. And the government would. Do you think Miguel Miguel approves that? Yes. Despite the other case whose name I keep forgetting. Miguel was decided prior to Blandino. And Blandino does not discuss. So, wait a minute. Miguel Miguel was decided before. Before Blandino. All right. You said after, I thought. But I misunderstood. I'm sorry, Your Honor. So, first we had Weil. Weil. And then Miguel. Miguel Miguel. And then Blandino. Right. What does Blandino say in your opinion? Blandino says that the, that there can't be a per se category. And you say this isn't a per se category. But it's pretty close. It's a presumptive category, but. But it's more than presumptive. My understanding is that Weil says except in this very narrow category of very minor crimes and one of them and so on. So, if you don't meet the exception, it's presumptive. It's per se, no? But I would argue, too, which that because you have, you can rebut the presumption, it still permits that case by. Can you rebut it other than by coming within the exception? No, I don't believe so. Right. So, if you don't come within the exception, it's a per se rule. So, if, for example, you sold $1,000 worth of marijuana twice, you, there's no exception and that's it. So, it's not true that it's simply presumptive. Except that the factors that you consider under matter of Weil allow more of a case by case analysis than just a blanket automatic. But wait a minute. Let's say hypothetically that that had been brought up. How could someone have brought it up? We don't have it. It's not brought up. So, you're arguing that it's waived. But I'm not, I know you're not backing away from that. But let's say if he had chosen to do that, what could he have done in this case? What would, how would the analysis have worked? The, once the immigration judge determined, and the immigration judge also did cite Miguel Miguel. So, in his analysis, the immigration judge did cite that. Then on appeal to the board, it could have been raised that, well, this really creates a per se rule and that's not permitted. And then the board could have addressed. And then the board would have said we've already decided that in matter of Weil. But the issue would have been preserved and the board, maybe the board would have. But you're telling us that then Miguel Miguel would bind us and then we wouldn't decide anything either. Even though the Blandero seems to have a different approach. Right. But I do think that Miguel Miguel is directly on point where Blandino does not talk about, doesn't reference drug trafficking crimes at all. Well, is there anything here in this particular case that the government would consider exercising any discretion as to this particular petitioner? That would not be a decision that I personally could make. I have not been approached about. That's why I asked him. I mean, sometimes we decide cases, but sometimes people talk to our mediators and if they don't do anything in 30 days, if they don't want to mediate it, then we issue our decision. Right, Your Honor. And that would be a decision for the client agency to make. But if we decided to withhold it for 30 days to see if there was anything to mediate, that you could talk to someone about that. Of course, Your Honor. Okay. Thank you very much. Thank you. Thank you. Well, just briefly, because I don't have a lot of time. I think our position here is that it doesn't matter in the matter of Y.L. whether they considered it a presumptive particularly serious crime or per se a particularly serious crime. What the Ninth Circuit said in Blandino is that the case-by-case analysis using the Frantescu standards need to be conducted regardless. All right. But you never argued that. All you ever argued is that you come within the exception in Y.L., right? No. We did argue that the Frantescu standard was the proper standard and that was not used by the immigration judge or the BIA. That is in our brief. And we also, the alternative went through the factors in Y.L., but before that, we said the Frantescu standard is the correct and proper standard. So, again, I reiterate that this matter should be remanded so the immigration judge can conduct a proper analysis under Frantescu as established in the matter of Blandino or Blandino v. Holder in 8 U.S.C. 1231. Just briefly, with the aggravated felony issue, we're not contesting the facts of the case. We're not looking at the facts and say that it wasn't an aggravated felony. We're looking at the plea colloquy, which is a document in the record of conviction. And in that way, we can talk about the factual basis of the plea. But why are we looking at the factual basis? The whole thing is what you're not supposed to do in a categorical approach. I mean, we have we know that she pled to an attempt to transport or sell. Is that right? Yes. That's what the sentencing documents. The sentencing document is divisible, although I think that's questionable. And so, therefore, the fact that he said what she actually did doesn't matter. What matters is what she convicted of. You are correct, except in this scenario when we find that the statute of conviction is divisible, we can look at certain documents within the record of conviction. Other than the plea agreement as to what she pled to? That's one of them. And the other one is the plea colloquy, which consists of the factual basis. So we can look at the factual basis. Well, ordinarily, I mean, the problem, of course, and this is said in Dekamp and elsewhere, is that where in the State court plea colloquy it doesn't matter which it is, what is said as to the factual basis is really very dangerous to rely on. Now, in this instance, it happens to cut against you, but 90 percent of the time it cuts in favor of the defendants to not rely on what facts are admitted, even though they don't really matter to the result. And I understand what you're saying, Your Honor. It's still Shepard v. U.S. states that you can look at the plea colloquy to determine what was the conviction under divisible statute.  It doesn't say what she pled to, but we know what she pled to. She pled to what's stated on the sentencing document and the plea agreement. Right. And those are two documents within the record of conviction. And then we have the plea colloquy, which is another document. We must review both. But that's a factual basis. It doesn't say what she pled to. The statement of what she did is a statement of what her lawyer said she did. But it's not a statement of what she pled to. It gives the underlying reasons why she pled to it. Right. No, it gives wiggle room. And that's why it's considered not as reliable as the plea documents and, you know, what she pled to. All right. So you're over your time. Thank you very much. Thank you, Your Honor. And thank you both for your arguments. Steven versus Sessions is submitted, and we are going to take a short break. Thank you.
judges: Wallace, Berzon, Callahan